IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-76,667-01






EX PARTE LOUIS WAYNE TEETER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 07 CR 0692 F (S4) IN THE 214TH DISTRICT COURT

FROM NUECES COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
attempted capital murder, two counts of aggravated assault on a peace officer, and one count of
violation of a protective order. He was sentenced to imprisonment for thirty, twenty, and ten years,
respectively. The Thirteenth Court of Appeals affirmed his convictions. Teeter v. State, No. 13-07-00578-CR (Tex. App.-Corpus Christi-Edinburg July 23, 2009). This Court granted Applicant's
petition for discretionary review, held that he received multiple punishments in violation of the
Double Jeopardy Clause, and reversed the court of appeals's judgment affirming one of the
aggravated assault convictions. Teeter v. State, No. PD-1169-09, 2010 Tex. Crim. App. LEXIS 1206
(Tex. Crim. App. Sept. 22, 2010).

 In an application filed in Nueces County on March 2, 2011, Applicant contends that trial
counsel rendered ineffective assistance. On November 9, he filed an amended application in Nueces
County. On October 24, 2011 and December 28, 2011, the trial court made findings of fact and
conclusions of law. In its October 24 order, the trial court recommended that we deny Applicant's
March 2 application, and in its December 28 order, it recommended that we either deny Applicant's
amended application on the merits or dismiss it under Tex. Code Crim. Proc. art. 11.07, § 4. The
trial court also found that Applicant's amended application was brought for the purpose of abusing
judicial resources and recommended that we enter an abuse of the writ order against Applicant. 

 We decline to adopt the trial court's October 24 and December 28 findings and conclusions.
We also find that Applicant's amended application is not barred under § 4. "If a subsequent
application for writ of habeas corpus is filed after final disposition of an initial application
challenging the same conviction, a court may not consider the merits of or grant relief based on the
subsequent application unless the application" meets one of the exceptions set out in § 4. Tex. Code
Crim. Proc. art. 11.07, § 4(a)(1)(2); Ex parte Torres, 943 S.W.2d 469, 471-72 (Tex. Crim. App. 
1997). Although Applicant's amended application was filed after the trial court made its October 24
findings and conclusions, his application was not filed after a "final disposition." This Court had not
decided the merits of the claims in Applicant's March 2 application. 

 Based on this Court's independent review of the entire record, we conclude that Applicant
has not demonstrated that he was prejudiced by counsel's conduct at trial. "The defendant must show
that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984). Relief
is denied.

 


Filed: April 4, 2012

Do not publish